Alan Alexander Beck
Law Office of Alan Beck
2692 Harcourt Drive
San Diego, CA  92123
(619) 905-9105
Hawaii Bar No. 9145
Alan.alexander.beck@gmail.com

Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 4008
Madison, MS  39130
(601) 852-3440
stephen@sdslaw.us
MS Bar No. 102784
*Admitted Pro Hac Vice

Attorneys for Plaintiff
ANDREW NAMIKI ROBERTS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANDREW NAMIKI ROBERTS | ) Civil Action No. 1:18-cv-00125-HG-RT |
|  | ) |
| Plaintiff, | ) MOTION TO LIFT STAY; |
|  | ) MEMORANDUM IN SUPPORT; and |
| v. | ) CERTIFICATE OF SERVICE |
|  | ) |
| RUSSELL SUZUKI, in his Official | ) |
| Capacity as the Attorney General | ) |
| of the State of Hawaii and AL | ) |
| CUMMINGS in his Official Capacity | ) |
| as the State Sheriff Division | ) |
| Administrator | ) JUDGE: Hon. Helen Gillmor |
|  | ) |
| Defendants. | ) TRIAL: Vacated |
| _____ | ) HEARING: November 26, 2019 |

1

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S MOTION TO LIFT STAY

Background

This Court stayed this matter on June 17, 2020 [ECF # 79] pending the en banc decision of *Young v. State of Hawaii*, No. 12-17808, 915 F.3d 681 (9th Cir. 2019) and due to the representation made by Defendant's counsel that "[t]here is now pending in the Hawaii State Legislature SB2292[1] which would repeal the total ban on electric guns and replace it with a regulatory scheme." June 17, 2020 Order. The legislature adjourned *sine die*.[2] The legislature has had two attempts now to address the issue in this matter and has failed both times.

Mr. Roberts' rights have been and are continuing to be infringed. This matter has been stayed three times. The first, Mr. Roberts agreed to the stay to allow the legislature to act. The second stay was issued immediately after oral argument pending *NYSRPA v. NYC*, 140 S.Ct. 1525 (2020) in the Supreme Court which was subsequently mooted. The third stay was put in place pending *Young*, *supra*. Because the Hawaii legislature will not correct this issue, it is incumbent upon the Court to issue its ruling.

---

[1] This is the incorrect bill number. The referenced bill deals with tax credits. The bill at issue was HB 2292: https://www.capitol.hawaii.gov/measure_indiv.aspx?billtype=HB&billnumber=2292&year=2020.

[2] *See* https://www.capitol.hawaii.gov/legcal.aspx.

Argument

This third stay is an indefinite stay which is improper under *Hoeun Yong v. INS*, 208 F.3d 1116 (9th Cir. 2000). In *Hoeun*, the plaintiff filed a petition for a writ of habeus corpus which was stayed "pending resolution of the appeal" in a non-related case. *Id*. at 1117. The district court gave three reasons for staying the case: 1) staying the case was the most efficient course of action; 2) that a stay favored the interests of the parties; and 3) that a stay would not unduly burden the plaintiff. *Id*. at 1118.

The Ninth Circuit stated that it "respect[s] the trial court's inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants' and we give deference to the district court's judgment that the stay will avoid hardship and inequity, but we 'cannot abdicate our [role] . . . to prevent the ossification of rights which attends inordinate delay.'" *Id*. It further stated that it would "balance the length of the stay against the strength of the justification given for it." *Id*. (*quoting Itel Corp. v. M/S Victoria U (Ex Pishtaz Iran)*, 710 F.2d 199, 202-03 (5th Cir. 1983).

The Ninth Circuit held that the stay at issue in *Hoeun* was an indefinite stay because it terminated on the resolution of a different appeal, and "if the Supreme Court should grant certiorari to review this court's decision in *Ma*, the stay could remain in effect for a lengthy period of time, perhaps for years if [the Court's]

decision in *Ma* is reversed and the case is remanded for further proceedings." The same is true here too. *Young*'s case, no matter how it turns out in the Ninth Circuit, will no doubt be appealed to the Supreme Court. As such, there is no time limit for the Plaintiff in this matter, Mr. Roberts, to have his case adjudicated with this current stay. Additionally, "[a] long stay also threatens to create the perception that courts are more concerned with efficient trial management than with the vindication of constitutional rights." *Id*. at 1120. Further, the Ninth Circuit observed that other judges handling habeas corpus petitions were adjudicating petitions and not staying those petitions.

In the case which Defendants submitted to the Court, *Andrew Teter, et al., v. Clare E. Connors, et al*; Civil No. 19-00183-ACK-WRP, those plaintiffs filed their lawsuit on April 10, 2019. Plaintiffs' summary judgment motion was filed on January 14, 2020 and defendants filed their counter motion on January 15, 2020. A hearing was held on April 28, 2020. Two weeks later a decision was filed upholding a ban on butterfly knives applying intermediate scrutiny. Even though in that case there was a question as to whether to apply intermediate or strict scrutiny, it was not stayed.

This Court stayed this matter due to a question of what scrutiny should be applied. "The Parties' briefing on their Motions for Summary Judgment has raised the question as to what level of scrutiny applies to a challenge to a statute pursuant

to the Second Amendment to the United States Constitution. (Pla.'s Motion at pp. 10-11, ECF No. [51]-1; Def.'s Motion at p. 11, ECF No. [54]-1)." *See* EO # 79. Defendants asked this Court to apply intermediate scrutiny ("… intermediate scrutiny should apply…") *See* ECF # 54-1, PageID # 407. Defendants' Amicus, Everytown for Gun Safety Support Fund stated that "…intermediate scrutiny is the correct standard." *See* ECF # 62-1, PageID # 825. Plaintiff stated that "[e]ven if this Court finds intermediate scrutiny is appropriate … Hawaii's ban on electric arms cannot withstand constitutional muster." *See* ECF # 51-1, PageID # 335. As such, the parties agree that at a minimum this Court should apply intermediate scrutiny. Roberts contends that it doesn't matter what level of heightened scrutiny applies, the ban is unconstitutional for the same reasons as laid out in *Avitabile v. Beach*, 368 F. Supp. 3d 404, 418 (N.D.N.Y. 2019), and thus a stay to determine scrutiny is unwarranted.

Further, this Court did not consider any hardship upon Mr. Roberts' constitutional rights. As the Ninth Circuit cited to approvingly, "'if there is even a fair possibility that the stay . . . will work damage to some one else,' the stay may be inappropriate absent a showing by the moving party of 'hardship or inequity.'" *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (*citing Landis v. N. Am. Co*., 299 U.S. 248, 255 (1936)). It should be noted that the Defendants in this matter requested this Court "stay consideration of

this matter pending action by the Hawaii State Legislature." *See* ECF # 77, PageID # 978. The legislature was given that opportunity and refused to repeal the ban. Additionally, because Defendants only requested a stay pending action by the legislature, and that process is completed, no party has thus requested the breadth of the stay issued by this Court.

Mr. Roberts brought his case in 2018. This case is on its third stay and is pending a decision in *Young* which will no doubt be appealed to the Supreme Court which makes it an indefinite stay under *Hoeun*. As the Supreme Court has held, "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373, 96 S. Ct. 2673, 2690 (1976). This is no different for other constitutionally protected rights.

The Supreme Court has held that "the Second Amendment extends, prima facie, to all instruments that constitute bearable arms, even those that were not in existence at the time of the founding." *District of Columbia v. Heller*, 554 U.S. 570, 582, 128 S. Ct. 2783, 2791-92 (2008). And *McDonald v. City of Chi.*, 561 U.S. 742, 791, 130 S. Ct. 3020, 3050 (2010) incorporated the Second Amendment as to the states ("We therefore hold that the Due Process Clause of the Fourteenth Amendment incorporates the Second Amendment right recognized in *Heller*."). As

such, Mr. Roberts' has a valid Second Amendment claim and his rights are worth protecting.

Conclusion

Wherefore, premises considered, for reasons set forth here and in Plaintiff's Memorandum in Support, Plaintiff requests that the stay be lifted and the Court to rule on Plaintiff's Motion for Summary Judgment [ECF # 51].

Certification Pursuant to LR7.8

This motion is made following the conference of counsel pursuant to LR7.8 which took place on July 13, 2020. Counsel for Defendants stated that they would not oppose the relief requested in this motion.

Dated: Canton, Mississippi, July 20, 2020.

Respectfully submitted,

*/s/ Alan Beck*
Alan Alexander Beck

*/s/ Stephen D. Stamboulieh*
Stephen D. Stambouliah
Stambouliah Law, PLLC
*Admitted Pro Hac Vice