IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANDREW NAMIKI ROBERTS, | ) CIV. NO. 18-00125 HG-RT |
| Plaintiff, | ) |
| vs. | ) |
| CLARE CONNORS, in her Official Capacity as Attorney General for the State of Hawaii; AL CUMMINGS, in his Official Capacity as the State Sheriff Division Administrator, | ) |
| Defendants. | ) |

## **THE DISTRICT COURT'S RESPONSE TO THE NINTH CIRCUIT COURT OF APPEALS' MAY 13, 2021 ORDER**

### I.   BACKGROUND

On June 6, 2012, Plaintiff George K. Young, Jr., proceeding pro se, filed a complaint before this Judge against the State of Hawaii, raising a question as to the application of the Second Amendment to the United States Constitution.  (Young v. State of Hawaii, 12-cv-00336 HG-BMK, ECF No. 1).

On November 29, 2012, this Court granted a Motion to Dismiss filed by the Defendants in Young v. State of Hawaii.  (12-cv-00336 HG-BMK, ECF No. 42).

On December 21, 2012, Young appealed this Court's decision to the Ninth Circuit Court of Appeals with the assistance of Attorney Alan A. Beck.  (Young v. Hawaii, 12-cv-00336 HG-BMK, ECF No. 47).

1

On April 2, 2018, Plaintiff Andrew Roberts, represented by Attorney Alan A. Beck and Attorney Stephen D. Stambouleih, filed the instant case, Roberts v. Connors, 18-cv-00125 HG-RT, also raising a Second Amendment challenge to a Hawaii statute. (Roberts, ECF No. 1).

On April 2, 2018, the Young case remained undecided by the Ninth Circuit Court of Appeals. Mr. Young was now represented by Attorneys Beck and Stambouleih. Attorneys Beck and Stambouleih have continued to represent both Mr. Young and Plaintiff Roberts through the present time.

On July 24, 2018, a divided three-judge panel decision was issued by the Ninth Circuit Court of Appeals in Young, No. 12-17808, 915 F.3d 681 (9th Cir. 2019). The order reversed this Court's decision dismissing the case. (Young v. Hawaii, 12-cv-00336 HG-BMK, ECF No. 58).

On February 8, 2019, the Ninth Circuit Court of Appeals granted a request for rehearing en banc in Young. (Young v. Hawaii, 12-cv-00336 HG-BMK, ECF No. 66).

On February 14, 2019, the Ninth Circuit Court of Appeals stayed the en banc hearing of Young pending a decision by the United States Supreme Court in New York State Rifle & Pistol Assoc., Inc. v. City of New York, 18-280. (Young v. Hawaii, 12-cv-00336 HG-BMK, ECF No. 68).

//
//

On August 2, 2019, the appellate en banc hearing in Young was stayed pending the Supreme Court decision in New York Rifle. In the Roberts case before this Court, Attorneys Beck and Stamboulieh filed a Motion for Summary Judgment on behalf of Plaintiff Roberts and on September 4, 2019, Defendants filed a Motion for Summary Judgment.  (Roberts, ECF Nos. 51 & 54).

On November 26, 2019, this Court held a hearing on the Parties' Motions for Summary Judgment.  At the conclusion of the hearing, the Court elected to stay the proceedings, as had the Appellate Court in the en banc proceedings in Young.  (Roberts, ECF No. 71).  Both this Court and the Appellate Court were looking for guidance as to the question of what level of scrutiny applies to a challenge to a statute pursuant to the Second Amendment to the United States Constitution which was set to be decided by the United States Supreme Court in New York State Rifle & Pistol Assoc., Inc. v. City of New York, 18-280.

On April 27, 2020, the United States Supreme Court remanded proceedings to the United States Court of Appeals for the Second Circuit in New York State Rifle, in a two-page per curiam opinion, finding the appeal moot.

On June 17, 2019, this Judge elected to continue the stay in Roberts pending the Ninth Circuit Court of Appeals' en banc decision in Young.  (Roberts, ECF No. 79).  In addition, this Court was informed that the Hawaii State Legislature introduced Senate Bill 2292 that was intended to repeal the statute at issue

3

in this case.  (Id.)

On August 14, 2020, this Court continued the stay in Roberts pending the Young decision, and the Hawaii Legislature did not pass the legislation in Senate Bill 2292.  (Roberts, ECF No. 82).

On March 24, 2021, the Ninth Circuit Court of Appeals issued its divided en banc decision in Young v. Hawaii, 992 F.3d 765 (9th Cir. Mar. 24, 2021) (en banc).  The en banc decision in Young affirmed this Court's order dismissing the plaintiff's Second Amendment challenge to the Hawaii statute.  The en banc decision analyzed the "historical understanding of the scope of the right" and found no Second Amendment violation.  Id. at 826.

On the same date, Attorneys Beck and Stamboulieh filed a Motion to Lift the Stay on behalf of Plaintiff Roberts. (Roberts, ECF No. 84).

On March 25, 2021, the District Court issued a Minute Order denying Plaintiff Roberts' Motion to Lift the Stay because the Young proceedings had not concluded.  (Roberts, ECF No. 85).

On March 26, 2021, Attorneys Beck and Stamboulieh, on behalf of Plaintiff Roberts, filed a Notice of Appeal of the denial of the Motion to Lift the Stay to the Ninth Circuit Court of Appeals.  (Roberts, ECF No. 86).

//
//
//
//

On April 26, 2021, the United States Supreme Court granted certiorari in New York State Rifle & Pistol Assoc. v. Corlett, No. 20-843, 2021 WL 1602643 (U.S. Apr. 26, 2021) that again raises the issue as to what standard of review applies to a Second Amendment challenge.

On May 11, 2021, Attorneys Beck and Stamboulieh, in the Young case, submitted a Petition for Writ of Certiorari to the United States Supreme Court seeking review of the Ninth Circuit Court of Appeals en banc decision.  Pet. for Writ of Cert., Young v. Hawaii, 20-1638 (U.S. May 11, 2021).

**II.  ON MAY 13, 2021, THE NINTH CIRCUIT COURT OF APPEALS ISSUED AN ORDER REMANDING PROCEEDINGS TO THE DISTRICT COURT**

The Appellate Court stated:

> [F]or the limited purpose of allowing the district court to reconsider its decision and to set forth its reasons for whatever decision it reaches, so that we can properly exercise our powers of review....Within 30 days after the date of this order, the district court should issue its ruling on remand.

(Roberts, ECF No. 90) (internal quotation and citation omitted).

On May 24, 2021, the State of Hawaii Defendants filed their Opposition to Plaintiff's Motion to Lift the Stay.  (Roberts, ECF No. 93).

In their Opposition, the State of Hawaii Defendants reported that as of May 17, 2021, a bill that would repeal and replace Hawaii's electric gun statute and would potentially moot the present case has been passed by both houses of the Hawaii State Legislature and is awaiting signature by the Governor.  (See Ex.

C, attached to Defs.' Opp, HB 891 Measure Status, Hawaii State Legislature, Roberts, ECF No. 93-4). According to Defendants, the Governor has until July 6, 2021 to sign the legislation. (Defs.' Opp. at p. 16, Roberts, ECF No. 93).

On May 26, 2021, Attorneys Beck and Stamboulieh, on behalf of Plaintiff Roberts, filed a Reply outlining the arguments on behalf of lifting the stay. (Roberts, ECF No. 94).

### III. THE COURT ELECTS TO CONTINUE THE STAY

The District Court elects to continue to stay the proceedings in this case for three reasons:

First, the District Court believes a stay is appropriate in order for the United States Supreme Court to address the standard of review that applies to a Second Amendment challenge, which is before the Court in New York State Rifle & Pistol Assoc. v. Corlett, No. 20-843, 2021 WL 1602643 (U.S. Apr. 26, 2021).

Second, the District Court also stays proceedings pending the decision by the United States Supreme Court on the application for a writ of certiorari seeking review of the en banc decision by the Ninth Circuit Court of Appeals in Young v. State of Hawaii, No. 12-17808, affirming this Court's dismissal of a Second Amendment challenge. See Pet. for Writ of Cert., Young v. Hawaii, 20-1638 (U.S. May 11, 2021).

//
//
//

<u>Third</u>, the District Court stays proceedings to allow the Governor to review HB 891, which Defendants represent would repeal and replace the Hawaii electric gun statute that is at issue in this case.  (Defs.' Opp. at pp. 16-17, <u>Roberts</u>, ECF No. 93).

DATED: June 2, 2021, Honolulu, Hawaii.



Helen Gillmor
Senior United States District Judge

<u>Andrew Nakimi Roberts v. Clare Connors, in her Official Capacity as Attorney General of the State of Hawaii; Al Cummings, in his Official Capacity as the State Sheriff Division Administrator, 18-cv-00125 HG-RT</u>; **THE DISTRICT COURT'S RESPONSE TO THE NINTH CIRCUIT COURT OF APPEALS' MAY 13, 2021 ORDER**